UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BOBBY LEE HOLLINS, | ) |
| *Plaintiff*, | ) Case No. 1:23-cv-40 |
| | ) |
| v. | ) Judge Atchley |
| | ) |
| CITY OF CHATTANOOGA & PHILLIP GRUBBS, | ) Magistrate Judge Lee |
| | ) |
| *Defendants*. | ) |

## **JUDGMENT ORDER**

This matter is before the Court *sua sponte* following Plaintiff's failure to comply with Orders of the Court. On August 18, 2023, Magistrate Judge Susan K. Lee granted the Motion to Withdraw [Doc. 21] of Plaintiff's attorney. [Doc. 23]. Judge Lee required Plaintiff to either (1) have substitute counsel file a notice of appearance on her behalf, or (2) file a notice confirming that she is proceeding pro se and has reviewed the applicable Local Rules within 30 days. [*Id.*].

Plaintiff did not file anything in response to Judge Lee's Order. Accordingly, on September 29, 2023, the Court ordered Plaintiff to show cause in writing why her case should not be dismissed for failure to prosecute and/or failure to comply with orders of the Court. [Doc. 25]. The Order specifically advised that failure to comply with either the Order to Show Cause or Judge Lee's August 18, 2023, Order [Doc. 23], would result in the immediate dismissal of this action with prejudice.

On October 12, 2023, Plaintiff filed a letter urging the Court not to dismiss her case. [Doc. 26]. Plaintiff represented that she was actively seeking a new attorney but had been unable to find suitable representation thus far. She sought additional time to find an attorney to represent her in this matter.

The Court construed Plaintiff's response as a motion for extension of time, and gave Plaintiff until November 3, 2023, to either: (1) have substitute counsel file a notice of appearance on her behalf; or (2) file a notice confirming (a) that she would be proceeding without an attorney and (b) she had reviewed the applicable Local Rules, including Local Rule 83.13. Plaintiff was reminded that a party proceeding pro se has a duty "to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. Loc. R. 83.13. The Order noted that deadlines in the Scheduling Order [Doc. 16] were fast approaching, and provided Plaintiff with a link to the Court's Local Rules.

Finally, the Court expressly advised:

> Plaintiff is put **ON NOTICE THAT FAILURE TO TIMELY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION WITH PREJUDICE FOR FAILURE TO PROSECUTE HER CASE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS.**

[*Id.*]. Plaintiff filed nothing in response and no notice of appearance has been entered on her behalf.

"Rule 41(b) of the Federal Rules of Civil Procedure gives the courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Nye Capital Appreciation Partners, LLC v. Nemchik*, 483 F. App'x 1, *8 (6th Cir. 2012) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (affirming district court's *sua sponte* dismissal of claim for failure to prosecute after supplemental briefing ordered and not submitted)); Fed. R. Civ. P. 41(b). Plaintiff did not comply with Magistrate Judge Lee's August 18, 2023, Order [Doc. 23], was granted an extension of time to comply, and again failed to file the required notice or have an attorney appear on her behalf. Over two weeks have passed since the deadline set in the Court's most recent Order [Doc. 27].

Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.13, this action is **DISMISSED WITH PREJUDICE** for failure to prosecute and failure to comply with Orders of the Court.

**SO ORDERED**.

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
*/s/ LeAnna Wilson*
LeAnna Wilson
CLERK OF COURT